IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-95-JG

|                                  |   |          |
|----------------------------------|---|----------|
| SILVERDEER ST. JOHN EQUITY       | ) |          |
| PARTNERS I LLC,                  | ) |          |
|                                  | ) |          |
| Plaintiff,                       | ) |          |
|                                  | ) |          |
| v.                               | ) | **ORDER** |
|                                  | ) |          |
| MARK KOPELMAN                    | ) |          |
| and DIANA KOPELMAN,              | ) |          |
|                                  | ) |          |
| Defendants.                      | ) |          |

This case comes before the court on two motions: the motion for summary judgment by plaintiff SilverDeer St. John Equity Partners I LLC ("plaintiff") (D.E. 48) against defendants Mark Kopelman and Diana Kopelman ("defendant") (collectively "the Kopelmans"); and plaintiff's motion to strike attorney affidavits submitted by the Kopelmans in opposition to summary judgment (D.E. 54). On June 16, 2011, the case was referred to magistrate judge jurisdiction by consent of the parties (D.E. 22, 23), pursuant to 28 U.S.C. § 636(c)(1), and subsequently reassigned to the undersigned magistrate judge (D.E. 66). The case is currently stayed as to Mark Kopelman because he has filed for bankruptcy. *See* May 9, 2012 Notice (D.E. 63).

For the reasons set forth below, plaintiff's motion for summary judgment will be granted as to defendant and denied without prejudice as to Mark Kopelman, and plaintiff's motion to strike will be denied as moot as to defendant and denied without prejudice as to Mark Kopelman.

## BACKGROUND

This dispute involves an alleged breach of a guaranty agreement between the parties. Compl. ¶¶ 15-19 (D.E. 6). On November 12, 2004, St. John Equity Partners, LLC ("borrower") executed a promissory note ("note") in favor of SilverDeer, the lender, in the amount of $2,500,000.00 in connection with a construction loan agreement. Pl.'s Mot. for Summ. J. Ex. 1 (D.E. 48-2). On that same date, the Kopelmans executed a guaranty agreement in favor of SilverDeer, under which the Kopelmans guaranteed the obligations of the borrower under the note. *Id.* Ex. 2 (D.E. 48-3). Additional guarantors were Eric Tillett, Kellie Falk-Tillett, David Tobin, and Dawn Tobin. *Id.* The borrower subsequently defaulted on its obligations under the note, and SilverDeer demanded payment from the Kopelmans under the guaranty. *Id.* Ex. 3 ¶¶ 6-7 (D.E. 48-4). The Kopelmans failed to satisfy the demand, and this action followed. *Id.* ¶ 7.

Plaintiff filed the original complaint on March 3, 2011 (D.E. 1), which was refiled on March 15, 2011, (D.E. 6) in order to correct certain administrative deficiencies. The complaint was accompanied by a copy of the guaranty agreement (D.E. 6-1) and the demand letter from plaintiff's counsel to the Kopelmans (D.E. 6-2). The Kopelmans filed an answer on April 13, 2011 (D.E. 13). The court entered a scheduling order on June 20, 2011 (D.E. 24), and the parties proceeded with discovery and subsequently filed various stipulations with respect thereto (D.E. 36-38, 41, 43), which the court approved by order (D.E. 39-40, 42).

On February 3, 2012, plaintiff filed the instant motion for summary judgment. It is supported by a memorandum (D.E. 48-1) and evidentiary exhibits.[1] The Kopelmans filed responses in opposition to the motion (D.E. 49, 50), which were supported by affidavits from

---

[1] The exhibits are a promissory note (D.E. 48-2), commercial guaranty (D.E. 48-3), affidavit of John Eckenrode (D.E. 48-4), excerpts from Mark Kopelman's deposition transcript (D.E. 48-5), excerpts from defendant's deposition transcript (D.E. 48-6), interrogatories to defendant (D.E. 48-7), and defendant's objections and responses to interrogatories (D.E. 48-8).

their respective attorneys (D.E. 49-1, 50-1), and plaintiff filed a reply supported by further evidentiary exhibits[2] (D.E. 53).

On March 7, 2012, plaintiff filed the instant motion to strike the attorney affidavits filed in support of the Kopelmans' oppositions to the motion for summary judgment. The motion is supported by a memorandum (D.E. 54-1) and copies of the affidavits plaintiff seeks to have stricken (D.E. 54-2, 54-3). The Kopelmans each filed a response in opposition to the motion to strike (D.E. 56, 58), and plaintiff filed a reply (D.E. 60). On May 9, 2012, Mark Kopelman filed a suggestion of bankruptcy (D.E. 63).

## PLAINTIFF'S MOTION TO STRIKE

Before turning to the merits of plaintiff's summary judgment motion, the court will address plaintiff's motion to strike evidentiary exhibits from the Kopelmans' responses to plaintiff's summary judgment motion. At issue are the affidavits of Brian Zimmerman, attorney for Mark Kopelman, and John Bruster Loyd, attorney for defendant.

Because this case is stayed with respect to Mark Kopelman, the motion will be denied without prejudice as to him. The court accordingly limits its consideration of the motion to the Loyd affidavit, which was submitted in support of defendant's contention that plaintiff's claim for attorney's fees was not reasonable.

Plaintiff objected to the affidavit on three grounds: (1) it contained opinions from alleged experts who were not disclosed in accordance with the court's scheduling order or Rule 26; (2) it contained incomplete and misleading allegations; and (3) it was largely not made on personal knowledge in contravention of Rule 56(c)(4). Defendant responded that an expert witness's testimony is not required to be based on personal knowledge, that the Loyd affidavit complies

---

[2] The exhibits are excerpts from Mark Kopelman's deposition transcript (D.E. 53-1), excerpts from defendant's deposition transcript (D.E. 53-2), supplemental affidavit of John Eckenrode (D.E. 53-3), and affidavit of Richard Kremen (D.E. 53-4).

with both Rules 602 and 703 of the Federal Rules of Evidence, and that plaintiff never designated its own counsel as an attorney's fees expert.

The court finds that it need not reach the merits of the motion because the substance of the affidavit is insufficient to create a question of fact for purposes of summary judgment, as discussed more fully in section II.B below. Thus, the motion to strike will be denied as moot.

## PLAINTIFF'S SUMMARY JUDGMENT MOTION

### I. STANDARD OF REVIEW

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 317 U.S. 317, 322–23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will

4

not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II.    ANALYSIS OF PLAINTIFF'S CLAIM FOR BREACH OF GUARANTY

Plaintiff contends that the court should enter summary judgment in its favor against the Kopelmans because there is no dispute as to any material fact and it is entitled to judgment as a matter of law. Because this case is stayed with respect to Mark Kopelman, the motion will be denied without prejudice as to him.

In response to the motion for summary judgment, defendant claims (1) that plaintiff has failed to provide sufficient evidence as to the basis for the current amount of principal and interest sought by plaintiff, specifically that the affidavit of John Eckenrode, plaintiff's representative, is conclusory and should be excluded in its entirety; and (2) that plaintiff's claim for attorney's fees is unreasonable. The court's analysis shows that plaintiff is entitled to summary judgment, but it will reserve determination as to the amount of attorney's fees and costs to award pending plaintiff's supplementation of its fee request as set forth below.

### A.  Evidence of Liability and Amount Due and Owing

In support of its motion for summary judgment, plaintiff submitted, *inter alia*, copies of the note, guaranty agreement, and the affidavit of John Eckenrode, a co-manager of SilverDeer who administered the loan transaction at issue, "including monitoring the receipt of all payments and the payment of all legal fees." Pl.'s Mot. for Summ. J. Ex. 3, Eckenrode Aff. ¶ 2 (D.E. 48-4). Eckenrode testified that plaintiff made a loan in the principal amount of $2,500,000.00 to the borrower, that the Kopelmans executed the guaranty agreement, that the borrower defaulted on the note by failure to make payments, and that, despite demands, the Kopelmans failed to satisfy the borrower's obligations under the terms of the guaranty agreement. *Id.* ¶¶ 4-7. Eckenrode

further testified that, as of January 31, 2012, there was due and owing under the note and guaranty agreement the principal sum of $1,838,130.00, accrued interest in the amount of $1,921,335.00, and late charges in the amount of $276,233.00. *Id.* ¶ 8.

Defendant has presented no evidence to dispute the authenticity or validity of the note and guaranty agreement or to controvert the facts submitted in the Eckenrode affidavit regarding the amount owed thereunder. At defendant's November 29, 2011 deposition she acknowledged her signature on the guaranty agreement and stated that she had personally made no payments on the loan and had no idea whether the loan had been repaid. Pl.'s Mot. for Summ. J. Ex. 5, D. Kopelman Dep. 18:10-11, 19:7-11, & 14-24 (D.E. 48-6). Instead, defendant objects to the Eckenrode affidavit as conclusory and contends that the affidavit fails to account for credits from other settling guarantors. The court declines to sustain the objection because Eckenrode's affidavit contains specific facts within his personal knowledge and pertains to matters on which he is competent to testify. *See* Fed. R. Civ. P. 54(c)(4). Furthermore, defendant presented no evidence in support of her contention that the loan balance failed to account for settlement credits. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("Unsupported speculation is not sufficient to defeat a summary judgment motion.") (citations omitted). Defendant had the opportunity to seek discovery from plaintiff in this matter, but apparently failed to do so, Pl.'s Reply at 3 n.3 (D.E. 53), and may not now rest on unsubstantiated assertions to defeat plaintiff's summary judgment motion.

Finally, with its reply, plaintiff submitted a supplemental affidavit from Eckenrode in which he states that the amount due and owing as of January 31, 2012 "takes into account amounts received by the Lender from any and all guarantors (*i.e.* Mark Kopelman, defendant, Eric Tillett, Kellie Falk-Tillett, Dawn Tobin, and David Tobin), including, but not limited to, a

6

$431,000 payment on partial settlement of claims made on November 10, 2011, by Dawn Tobin and David Tobin." Pl.'s Reply Ex. 3, Supplemental Eckenrode Aff. ¶ 5 (D.E. 53-3). The court concludes that plaintiff has presented sufficient evidence to establish that there is no issue of material fact with respect to the amount due and owing, and defendant has failed to present any specific facts demonstrating a genuine issue for trial.

## B. Reasonableness of Attorney's Fees

Defendant also contends that plaintiff's claim for attorney's fees is not reasonable, arguing that fees and expenses of $180,026.17 are not justified for the prosecution of this action. Having considered the evidence submitted by plaintiff in support of its motion, and the affidavit in support of defendant's response, the court determines that plaintiff is entitled to recover its attorney's fees and costs reasonably related to its efforts to collect on the note and guaranty agreement, but that further supplementation of the evidence is required by plaintiff in order for the court to determine the appropriate amount of the fee award.

Both the note and guaranty agreement are governed by North Carolina law. Pl.'s Mot. for Summ. J. Ex. 1 ¶ 13.13 (D.E. 48-2), Ex. 2 at 6 (D.E. 48-3). Under North Carolina law, "contractual agreements to pay attorneys fees are valid and enforceable." *Rink & Robinson, PLLC v. Catawba Valley Enter., LLC*, --- N.C. App. ----, ----, 725 S.E.2d 426, 430 (2012) (citing N.C. Gen. Stat. § 6-21.2 (2011)). The statute governing such agreements provides, in pertinent part, as follows:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> . . . .

If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2(2). "'[T]he trial court must make some findings of fact to support the award.'" *Rink & Robinson*, 725 S.E.2d at 430 (quoting *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000)). Specifically, the court must find that "'the contract at issue is a printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money.'" *Id.* (quoting *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 604, 632 S.E.2d 563, 575 (2006)). Some North Carolina courts have held that the fifteen percent (15%) award provided for in § 6-21.2(2) is a statutory ceiling, *Telerent Leasing Corp. v. Boaziz*, 200 N.C. App. 761, 767, 686 S.E.2d 520, 524 (2009), that has been predetermined to be reasonable in cases where it applies, *Cartrette v. Farthing*, No. 4:08-CV-18-F, 2008 WL 5220211, at *2 (E.D.N.C. Dec. 12, 2008); *RC Assocs. v. Regency Ventures, Inc.*, 111 N.C. App. 367, 373, 432 S.E.2d 394, 397 (1993). However, "[w]hen the trial court determines an award of attorney fees is appropriate under the statute, the amount of attorney fees awarded lies within the discretion of the trial court." *Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc.*, 178 N.C. App. 535, 541, 632 S.E.2d 192, 197 (2006) (affirming trial court's award of attorney's fees in an amount less than 15% of the outstanding balance where attorney testimony, affidavits, and billing statements supported the attorney's fees awarded) (citing *Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655 (1984)).

The guaranty agreement here provides as follows with respect to attorney's fees:

Guarantors agree to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in

8

connection with the enforcement of this Guaranty. Lender may hire or pay someone also to help enforce this Guaranty, and Guarantors shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantors also shall pay all court costs and such additional fees as may be directed by the court.

Pl.'s Mot. for Summ. J. Ex. 2 at 5 (D.E. 48-3).

The court finds that the guaranty agreement satisfies the requirements of § 6–21.2, in that it is a written agreement, signed by defendant, that contains an obligation to pay money upon the default of the borrower. *See FNB Southeast v. Lane*, 160 N.C. App. 535, 541, 586 S.E.2d 530, 534 (2003) (concluding that guaranty agreement constituted "evidence of indebtedness" under § 6-21.2). Additionally, the guarantors' obligations under the guaranty extend to "any and all of Borrower's indebtedness to Lender . . . includ[ing] without limitation all of Lender's attorneys' fees." Pl.'s Mot. for Summ. J. Ex. 2 at 1 (D.E. 48-3). Liability under the guaranty agreement is joint and several. *Id.* at 7. Pursuant to the terms of the note, in the event of borrower's default, "costs of suit and all reasonable attorneys' fees and such other reasonable expenses so incurred by Lender shall be paid by Borrower, on demand, and shall be deemed part of the obligations evidenced hereby." *Id.* Ex. 1 ¶ 13.3 (D.E. 48-2). Therefore, under the terms of the note and guaranty agreement, defendant is liable not only for plaintiff's costs and attorney's fees associated with this action to collect on the guaranty agreement, but also the costs and attorney's fees associated with the collection efforts against the borrower and the other guarantors. *See Coastal Prod.*, 70 N.C. App. at 227-28, 319 S.E.2d at 655 ("[W]hen other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may properly be awarded under G.S. 6-21.2.").

Plaintiff submitted two affidavits in support of its request for costs and attorney's fees under the guaranty agreement: the Eckenrode affidavit, which stated that as of February 1, 2012, plaintiff had incurred a total of $172,723.00 in attorney's fees and $7,303.17 in costs in connection with reviewing loan documents, pre- and post-litigation efforts to collect on the note and guaranty, preparation of lawsuit papers against the six guarantors, discovery in connection with this action, and general representation of plaintiff in connection with efforts to collect on the note, Pl.'s Mot. for Summ. J. Ex. 3 ¶ 9 (D.E. 48-4); and the Kremen affidavit, which provided as follows:

> As of February 1, 2012, the Lender has incurred a total of $180,026.17 in attorneys' fees and costs from DLA Piper. There were in excess of 390 hours worked by various timekeepers at DLA Piper in connection with these attorneys' fees. These fees and costs have been incurred in connection with the Lender's efforts to collect the balance due on the Note (as defined in the Motion) against all six guarantors and the borrower, including, but not limited to, (1) review and analysis of the loan documents, (2) pre-litigation and post-litigation efforts to collect on the loan documents under the Note and Guaranty, (3) preparation of suit papers filed against Eric Tillett, Kellie Falk-Tillett, and the Defendants, (4) pursuit of litigation including discovery matters in connection with this suit; (5) representation of the Lender against the Borrower in connection with efforts to collect the balance due on the Note, and (6) extensive negotiations and documentation with respect to efforts to collect the balance due from all six guarantors (including extensive settlement negotiations and documents drafted in connection with efforts to settle with the Defendants and a consummated agreement with Dawn Tobin and David Tobin).

Pl.'s Reply Ex. 4 ¶ 5 (D.E. 53-4). In response, defendant submitted the Loyd affidavit, which provided as follows:

> I have reviewed the file, pleadings, and correspondence in this case. Plaintiff prepared a complaint, served interrogatories, requests for production, and request for admissions against Defendant Diana Kopelman, and took her deposition. The same work was replicated as to the other defendant, Mark Kopelman. In my opinion, the amount of $180,026.17 sought by Plaintiff is not reasonable, necessary and customary for attorneys' fees and expenses for the limited activities in which Plaintiff engaged in this matter. In my opinion, based on my knowledge, skill and experience, the amount of time to prepare a complaint, draft and served the foregoing written discovery, and conduct the depositions of Diana and Mark

Kopelman (who were both deposed in about a half day and asked the same questions, I was present for both) should not exceed thirty-five hours total. This would include time to prepare for both depositions. The claim is based on a simple writing. Based on the amount sought by Plaintiff, this would be equivalent to approximately, $5,142.00 dollars per hour, which is unreasonable in any jurisdiction. A reasonable hourly rate for this type of matter is $400.00 per hour. Thus, it is my opinion that the reasonable, necessary, and customary fee to handle this matter should not exceed $15,000.00. Thus, the amount sought by Plaintiff (i.e. $180,026.17) is unreasonable, unnecessary, not customary, and excessive.

Def.'s Resp. Ex. A ¶ 4 (D.E. 50-1). The Loyd affidavit, in concluding that the fee request is unreasonable, presumes that plaintiff is limited to the recovery of fees associated with this action only. However, the court has determined that under the terms of the note and guaranty agreement, defendant is liable not only for plaintiff's costs and attorney's fees associated with this action, but also the costs and attorney's fees associated with the collection efforts against the borrower and the other guarantors. Accordingly, the Loyd affidavit is insufficient to create a question of fact as to the reasonableness of the fees requested. Nonetheless, the court still must perform its due diligence in exercising its discretion to award attorney's fees and costs.

The affidavits of Eckenrode and Kremen are sufficient to establish the amount of attorney's fees and costs incurred by plaintiff, but the court finds it appropriate to review the time/billing records associated with the requested attorney's fees and costs to ensure that they are both appropriately related and reasonable before making an award. While the court notes that the $180,026.17 requested by plaintiff is well beneath the fifteen percent (15%) statutory ceiling,[3] which some North Carolina courts have found to be presumptively reasonable, *see RC Assoc.*, 111 N.C. App. at 373, 432 S.E.2d at 397, it is not an insignificant amount and deserves further scrutiny by the court.

---

[3] At the time of the filing of this action, the approximate outstanding balance under the note and guaranty agreement was $3,801,013.00, fifteen percent (15%) of which is $570,151.95.

11

Accordingly, the court concludes that plaintiff has carried its burden to establish that there is no issue of material fact with respect to its entitlement to attorney's fees and costs, and defendant has failed to present any specific facts demonstrating a genuine issue for trial. However, so that the court may determine the appropriate amount of the fee award, plaintiff shall supplement its fee request, pursuant to Rule 56(e)(1),[4] by filing an affidavit, including the time/billing records associated with the requested fees and costs, no later than 9 October 2012, and plaintiff shall file any response to plaintiff's submission within 14 days after it is served, but in no event later than 23 October 2012. The court will thereafter enter judgment.

## CONCLUSION

For the foregoing reasons, as to defendant Diana Kopelman, there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law pursuant to Rule 56(a). Therefore, it is **ORDERED** that plaintiff's summary judgment motion (D.E. 48) as to defendant Diana Kopelman is **ALLOWED** and as to defendant Mark Kopelman is denied without prejudice. However, the court will reserve entry of judgment against defendant Diana Kopelman pending plaintiff's supplementation of its fee request, and any response by defendant Diana Kopelman thereto, in conformity with this order. Plaintiff's motion to strike (D.E. 54) as to defendant Diana Kopelman is **DENIED AS MOOT** and as to defendant Mark Kopelman is denied without prejudice.

---

[4] "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact[.]" Fed. R. Civ. P. 56(e)(1).

SO ORDERED, this 24 day of September 2012.

James E. Gates
United States Magistrate Judge

13