IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-00095-JG

| | | |
|---|---|---|
| SILVERDEER ST. JOHN EQUITY PARTNERS I LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| MARK KOPELMAN and DIANA KOPELMAN, | ) ) ) ) | |
| Defendants. | ) | |

This case comes before the court on the supplemental request for fees and expenses by plaintiff SilverDeer St. John Equity Partners I LLC ("plaintiff") (D.E. 68, 71). No response has been filed. For the reasons set forth below, the plaintiff's request for fees and expenses will be allowed in the amount of $98,202.94.

## BACKGROUND

On 24 September 2012, the court entered an order allowing plaintiff's motion for summary judgment against defendant Diana Kopelman ("defendant") (D.E. 67). Therein, the court determined that plaintiff was entitled to an award of attorney's fees and expenses pursuant to the terms of the note and guaranty agreement and North Carolina General Statute § 6-21.2(2), but reserved determination as to the appropriate amount. The court ordered plaintiff to supplement its fee request by filing an affidavit, to include the time and billing records associated with the requested fees and costs, no later than 9 October 2012, and ordered defendant to file any response to plaintiff's submission within 14 days after service thereof, but in no event later than 23 October 2012. On 5 October 2012, plaintiff filed its supplemental request (D.E. 68), and

defendant did not respond. The court found deficiencies in the supplemental request and ordered further supplementation by plaintiff. (D.E. 70). On 7 November 2012, plaintiff further supplemented its request pursuant to the court's order. (D.E. 71).

## ANALYSIS

Plaintiff has requested a total of $179,145.17 in fees and costs, which is comprised of $172,817.00 in fees and $6,328.17 in costs.[1] In support of its request, plaintiff has submitted affidavits from its counsel Richard Kremen along with invoices, itemized time records, and a chart indicating the hourly rate and total amount billed for each timekeeper. Pl.'s 1st Supp. Request Exs. A, A1 (D.E. 68-1, 68-2, 71-1, 71-2). In its prior order on plaintiff's summary judgment motion, the court determined that under the terms of the note and guaranty agreement, defendant was liable not only for plaintiff's costs and attorney's fees associated with this action, but also for the costs and attorney's fees associated with the collection efforts against the borrower and the other guarantors. The court has now reviewed the documentation provided by plaintiff and finds that the fees and costs requested are appropriately related to collection on the note and guaranty agreement, but that amount of fees requested are not entirely reasonable.

The party claiming fees bears the burden of proving the reasonableness of the fees sought. *Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 228, 319 S.E.2d 650, 656 (1984). In assessing the reasonableness of attorney's fees, North Carolina courts consider the following factors: (1) the time and labor expended, (2) the skill required, (3) the customary fee for like work, (4) the experience or ability of the attorney, (5) the novelty and difficulty of the questions of law, (6) the adequacy of the representation, (7) the difficulty of the

---

[1] Plaintiff in its summary judgment motion requested a total of $180,026.17 in fees and costs incurred through 1 February 2012, which was comprised of $172,723.00 in fees and $7,303.17 in costs. Pl.'s Mot. for Summ. J. Ex. 3 ¶ 9 (D.E. 48-4). In its supplemental request, plaintiff has reduced its total request by a net amount of $881.00 based on the finalization of invoices and reconciliation of fees and disbursements. Pl.'s 1st Supp. Request Ex. A ¶ 7 (D.E. 68-1).

2

problems faced by the attorney, (8) the kind of case for which the fees are sought and the result obtained, and, if relevant, (9) the services expended by paralegals and secretaries acting as paralegals. *United Laboratories, Inc. v. Kuykendall*, 335 N.C. 183, 195, 437 S.E.2d 374, 381-82 (1993). These factors are largely consistent with those endorsed by the Fourth Circuit. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The court begins its analysis by considering the reasonableness of the hourly rates. The relevant market is typically the venue of the court of record. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).

According to plaintiff's Timekeeper Summary Chart of Fees (D.E. 71-2), the hourly fees ranged from $662.00 to $718.00 for Partners; $540.00 to $594.00 for Of-Counsel; $513.00 to $570.00 for Senior Associates; $360.00 to $405.00 for Associates; and $230.00 to $260.00 for Paralegals. Plaintiff's supplemental filing of 7 November 2012 (D.E. 71) failed to provide evidence of the market rate for this type of work, despite this court's prior order that plaintiff provide an explanation of the basis for the rate charged, including "market rate." 31 October 2012 Order at 3 (D.E. 70). In fact, the only evidence of market rate in this case comes from defendant's counsel, John "Bruse" Loyd, who opined that $400.00 per hour is a reasonable rate for this type of matter. Loyd Aff. ¶ 4 (D.E. 50-1). Loyd practices in Houston, Texas, but stated in his affidavit that his opinion was based on, among other things, "the fees customarily charged in the Eastern District of North Carolina and similar areas for similar legal services." *Id.* ¶ 3. Given the dearth of evidence regarding market rate, the court has also considered the rates awarded by this and other North Carolina district courts, as well as its own knowledge of the market rate in this district. *See, e.g.*, *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-cv-43-D, 2011 WL 5402883, at *4 (E.D.N.C. 8 Nov. 2011); *Morris v. Lowe's Home Centers, Inc.*, No.

1:10CV388, 2012 WL 5338577, at *5 (M.D.N.C. 30 Oct. 2012) ("In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate based upon its own knowledge and experience of the relevant market.").

While it appears from Kremen's affidavit that plaintiff's counsel are, for the most part, highly experienced attorneys, the court concludes that their hourly rates are not commensurate with the market rate in this district for a straightforward collection action. Accordingly, the court will reduce the hourly rates, based on the considerations stated above, as follows: Richard Kremen (Partner), $400.00; Phillip Weller (Partner), $400.00; Jodie Buchman (Of-Counsel), $325.00; Susan Datesman (Of-Counsel), $325.00; Dale Cathell (Senior Associate), $300.00; Daniel Gunter III (Associate), $250.00; Kristy Grace (Associate), $200.00; Melissa White (Paralegal), $100.00; and William Countryman (Paralegal), $100.00.

Next the court turns its attention to the reasonableness of the hours billed. Plaintiff's fee request is based on a total of 407.9 hours billed, which includes both attorney and non-attorney time. The court has reviewed the billing records submitted and notes only a few minor deficiencies. First, in some instances, there was a failure to delineate the time attributed to distinct tasks (*i.e.*, block billing). *See, e.g.*, Pl.'s 1st Supp. Request Ex. A1 at 8, 14, 31, 35, 44, (D.E. 68-2). This impairs the court's ability to fully evaluate whether work performed was "'duplicative, unnecessary or inefficient.'" *See Johnson v. Weinstein & Riley*, *P.S.*, No. 5:08-CV-377-JG, 2011 WL 1261578, at *5 (E.D.N.C. 30 Mar. 2011) (quoting *Wolfe v. Green*, No. 2:08-01023, 2010 WL 3809857, at *5 (S.D. W.Va. 24 Sept. 2010)). Additionally, there were some clerical tasks, such as the collection and indexing of documents or the filing of documents with the court, which were billed at hourly rates. *See, e.g.*, Pl.'s 1st Supp. Request Ex. A1 at 8, 14, 35-36, 43, 57, 63, 79, 87 (D.E. 68-2). Such tasks are considered "purely clerical or

4

secretarial" and have been found to be "not billable at a paralegal's rate or, indeed, any rate at all since such tasks are included in office overhead." *Elliot v. Astrue*, No. 2:09cv37, 2012 WL 3191027, at *3 (W.D.N.C. 3 Aug. 2012) (citations omitted). Finally, in some instances, there appeared to be some duplication of tasks or overstaffing. *See, e.g.*, Pl.'s 1st Supp. Request Ex. A1 at 31, 35, 39, 40, 43, 44 (D.E. 68-2). Based on these deficiencies, the court will reduce the number of hours billed by five percent to 387.505 hours. *See Johnson*, 2011 WL 1261578, at *5 (reducing by 20 percent number of hours sought by each attorney due to billing deficiencies); *see also Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc.*, 178 N.C. App. 535, 541, 632 S.E.2d 192, 197 (2006) ("When the trial court determines an award of attorney fees is appropriate under the statute, the amount of attorney fees awarded lies within the discretion of the trial court.") (citing *Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655 (1984)).

In sum, having considered the factors listed above, the court will award plaintiff reasonable fees and expenses in the amount of $98,202.94, which includes $91,874.77[2] in attorney's fees and $6,328.17 in costs.

## **CONCLUSION**

For the foregoing reasons, the court awards plaintiff fees and costs in the amount of $98,202.94. Therefore, having previously allowed plaintiff's summary judgment motion against defendant Diana Kopelman, it is ORDERED that judgment be entered against defendant Diana

---

[2] This chart shows the attorney's fee calculation of $108,259.63, which was further reduced by a discount given by the firm to its client of $6,339.96 (previously $11,375.00, which is approximately 5.85% stated as a percentage) and the settlement payment of $10,044.90, to arrive at $91,874.77.

|  | Kremen | Buchman | Cathell | Datesman | Weller | Grace | Gunter | White | Countryman | Totals |
|---|---|---|---|---|---|---|---|---|---|---|
| Billed Hours | 76.2 | 89.5 | 1 | 63.6 | 1 | 127.5 | 17.4 | 26.5 | 5.2 | 407.9 |
| Billed Hours - 5% | 72.39 | 85.025 | 0.95 | 60.42 | 0.95 | 121.125 | 16.53 | 25.175 | 4.94 | 387.505 |
| Hourly Rate | $ 400 | $ 325 | $ 300 | $ 325 | $ 400 | $ 200 | $ 250 | $ 100 | $ 100 |  |
| Fees | $28,956.00 | $27,633.13 | $ 285.00 | $19,636.50 | $ 380.00 | $24,225.00 | $4,132.50 | $2,517.50 | $ 494.00 | $108,259.63 |

Kopelman in the amount of $4,035,698.00 (comprised of principal of $1,838,130.00, accrued interest of $1,921,335.00, late charges of $276,233.00 through 31 January 2012), plus interest accrued thereon at the default rate after 31 January 2012 through the date of entry of the judgment, plus fees and costs of $98,202.94, plus post-judgment interest at the legal rate.

SO ORDERED, this 20th day of November 2012.

*[signature]*
James E. Gates
United States Magistrate Judge